Warden, oral argument fifteen minutes per side. Supervisory attorney Andrew S. Paulus, arguing today law student Ms. Francesca Burgett for the petitioner appellate. Yes, yes, yes. Good morning. Good morning. Your honors, may it please the court, my name is Francesca Burgett. I'm a certified legal intern under the supervision of Andrew Paulus, along with my colleague Miriam Assar. And I would like to thank you for granting our motion, allowing me to argue on behalf of Mr. Fields today. We're reserving three minutes for rebuttal. Mr. Fields was sentenced without counsel present, and then his appellate attorney failed to raise this obvious error. When Mr. Fields moved to reopen his appeal, the state court did not even address the issue that he raised. Your honors, today I would like to focus my time on habeas claim four, Mr. Fields' ineffective assistance of appellate counsel claim for which there is no procedural default. I will be addressing three issues today. First, Mr. Fields never waived his right to counsel. Second, Mr. Fields' appellate counsel was ineffective for failing to raise this dead-bang winner. And third, the last reason state court decision warrants no deference. First, turning to the trial court's failure to obtain waiver. Defendants are constitutionally entitled to the right to counsel at all critical stages of trial, including sentencing. Memphis v. Ray and McConnell v. Ray settled the idea that defendants are entitled to counsel at sentencing. Let me just, on this particular point, first of all, if you can understand this case, law is going to be a picnic for you. So I'm really impressed that you were able to do this. Congratulations. But, you know, so FRERETA lets the individual chart their own path, take control over their case, but there's this requirement of making sure it's knowing, and the inquiry that we do at the beginning of a criminal case is different from the one we do at sentencing under our precedent. And so what exactly went wrong here? Because, I mean, everyone was aware of what was going on. It seems like your client was quite aware of what he was doing. So what did the trial judge do wrong? Your Honor, FRERETA v. California requires the state trial court to warn the defendant of the dangers and disadvantages of proceeding without representation. And while Mr. Fields did allow his hired counsel to withdraw due to a misunderstanding of the scope of representation, he did not waive his right to counsel. Let me just ask you one question here. Did he allow him to withdraw, or did he want him to withdraw? So Mr. Fields' hired counsel filed the motion to withdraw, citing a misunderstanding of the scope of representation, and then the trial court asked him if that was okay with him, and he said sure. However, the trial court did not engage in any sort of statement, colloquy, or explanation as to the dangers and disadvantages of moving forward without counsel. And FRERETA v. California is really the floor here. It establishes what the trial court must do before any court can say that there is a voluntary or knowing waiver. And without the trial court actually making that statement, explanation, or colloquy, then there is no valid waiver. Does he think it's somewhat unclear, the current case law? So FRERETA was quite vague, and then the Iowa case comes along and says that the appropriate inquiry will depend on the circumstances, including how far along the case is. And this was obviously at sentencing. So couldn't a reasonable appellate lawyer think, given the lack of clarity in the law and the mere fact that this would just get remanded and kind of the chances of a different sentence were low, that I'll prioritize these other arguments over this one? So I guess it goes to my real question is, isn't FRERETA unclear on kind of the inquiry that is required at the sentencing stage? Your Honor, I have three responses to your question. First, Iowa v. Tovar simply established that the court doesn't need to comply with a strict script when providing an explanation or colloquy. But in Iowa v. Tovar, the defendant in that case waived their right to counsel during the pleading stage, and then again at sentencing, the court checked in with him to make sure that he did in fact want to represent himself and still engaged in a formal colloquy at that sentencing stage. And second, Mr. Field's appellate attorney here was ineffective because raising this issue would have necessarily changed the outcome of the appeal. Had Mr. Field's appellate counsel raised this error, which is a structural error, then his appeal would have been successful and he would have received a new sentencing. I guess my point was that it's not at all clear that it was an error because kind of the case law, I just don't find it at all clear what the inquiry is required at the sentencing stage. Why wasn't it enough to put him on notice that he was going to be representing himself just by saying, you know, we're going with your sentencing today? Why isn't that? It's a short colloquy, but it was one question at least. Why wouldn't that be deemed enough? Right, and Your Honor, that one question is not sufficient because it doesn't do the extra work that Ferretto requires, which is providing an explanation as to the dangers and disadvantages of self-representation. And merely saying, you know we're going to proceed with sentencing today doesn't provide Mr. Field with any explanation as to the dangers and disadvantages of moving forward without counsel. And he was represented at trial, so it's not as if in the Tovar case he had already heard some form of that colloquy or some form of explanation. He had never been to the point where he had to consider the fact of representing himself. And so when that fact came up here at sentencing, it was the trial court's responsibility to comply with that prerequisite legal requirement and provide the information to Mr. Fields. So what types of questions do you think at the sentencing stage, the dangers are that you might overlook sentencing enhancement or something to that effect? Your Honor, given that this is of course federal court and the state of Ohio's sentencing structure is a little bit different, sentencing in Ohio is rather discretionary. And so specifically in this case, counsel would have been able to argue concurrent versus consecutive sentences, mitigating evidence and other things of that nature. Is that what he's complaining about, that that wasn't raised? What does he think, how was he damaged by the sentence that he got? I mean, other than that he was going to be incarcerated, of course. But what is it that he has indicated he thinks could have happened at sentencing that didn't, because he didn't have counsel? So, Your Honor, Mr. Fields directly raised this issue when requesting to reopen his direct appeal, citing the validity of the waiver. And while there isn't anything directly laid out in the record, it's pretty evident in our brief we've shown there are several things that could have been different. The fee, the concurrent or consecutive sentencing, things of that nature. But ultimately, because the right to counsel is such a fundamental right, it is a structural error and it doesn't require any additional showing of prejudice. And that's partially why Mr. Fields' appellate counsel was ineffective. Has court said it's structural in a pure sentencing case? So, Your Honor, the Supreme Court has not specifically held that the deprivation of counsel at sentencing is a structural error. But, of course... Lower courts? Have any lower courts said that? So, Cronic has established that you have the right to counsel at all critical stages. And then Memphis v. Ray and McConnell v. Ray, which are both Supreme Court cases, have established that that right extends to sentencing. But there hasn't been a case by the Supreme Court that kind of groups the right to counsel as well as the waiver in any type of consideration there. But, of course, this would be something that should be still considered as an unreasonable application because it's logical that it would extend. And if the right to counsel exists at sentencing, then obviously the waiver of the right to counsel must be valid also at sentencing. Can I switch gears, I guess, a little bit and talk about... So I understand your point that prejudice is presumed in some context, setting aside Weaver, but I think you would... Correct me if I'm wrong. I thought you had conceded that this claim was procedurally defaulted. And then you rely on ineffective assistance of appellate counsel to overcome that. I believe we have case law that says even in the structural error context, you still have to show actual prejudice to satisfy procedural defaults prejudice, which may make it a little different than Strickland prejudice. So would you agree that you have to show a real impact, the fine point or the change in sentence point, or do you think your structural error can still satisfy that? So no, Your Honor. Weaver obviously came out after, I believe, the cases you're referring to referenced by the appellee from this circuit. And Weaver specifically set aside the category of fundamentally unfair structural errors. Weaver specifically dealt with a structural error that they did not deem to be fundamentally unfair. And so the additional prejudice requirement was to show that there was an unfair outcome. But things like the deprivation of counsel are fundamentally unfair. And so the requirement of showing additional prejudice is... It doesn't make sense because it's inherently prejudiced. So Weaver might help you on the prejudice component of ineffective assistance of counsel, because that's what I thought the case was about. But do you think it says anything about the prejudice component of procedural default, which is this equitable doctrine that we've created or the courts have created, independent of any ineffective assistance of counsel claim? So in our position, because it is a structural error, it's a fundamentally unfair result, there is inherent prejudice. And that's established also through Glasser v. United States, which specifically stated that the right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. And that's what we have here. Mr. Fields was deprived the right to counsel, a fundamental right. And the prejudice that arises from that is inherent and it's serious. And that's why it's been labeled as a structural error and considered as a structural error. That's why also it shouldn't... The holding of Weaver isn't applicable here. And it's also why the cause and prejudice analysis should be fulfilled on that issue. But again, the claim for issue of the ineffective assistance of appellate counsel, that issue was not procedurally defaulted. And that's the issue that we really want to focus on here. And Mr. Fields' appellate counsel was ineffective because constitutional deficiency is when an appellate attorney fails to include an issue in which there's a reasonable probability that would have changed the results of the appeal. And that's what occurred here. What would the change have been? So had appellate counsel included this issue, given that it is a structural error, the results of the appeal could reasonably have been different. Mr. Fields would have been granted a new sentencing. Thank you. All right. Thank you. I'll hear from the state. Good morning, Your Honors. Maura O'Neil-Jade on behalf of the warden. May it please the court. This court should affirm the district court decision because the right to trial counsel claimant sentencing is inexcusably procedurally defaulted and it lacks merit. Likewise, the court should affirm the district court decision that denied and dismissed the ineffective assistance of appellate counsel claim because that claim lacks merit. I think she's focusing on the second one, as I heard her. Yes. Why don't you go to that? There's no disagreement that the right to trial counsel claim is procedurally defaulted. And the issue in the Certificate of Appealability was whether the ineffective assistance of counsel claim could serve as cause for excuse as well as whether that claim had merit. The argument is simple that because the right to counsel claim lacks merit, Mr. Field's appellate counsel cannot be ineffective and violated. What do you think it lacks merit? Feretta did suggest that there should be some type of inquiry. And this was about as bare bones of an inquiry as there could be. Yes, but the Iowa v. Tovar and its progeny states that in determining the constitutionality of a waiver of counsel that the focus isn't on what the court said. The Supreme Court doesn't have a specific script to give it specific advisements. Rather, it's the defendant that's waiving the right, what their understanding is and whether it's knowing and voluntary. So what's the... That was... I did distinguish in my mind a constitutional claim based on an inquiry that is required versus a constitutional claim of just the defendant's subjective state of mind, which I view as more factual. So there's the objective, the constitution may require these six questions. And then there's just the subjective, did the defendant actually know what rights were being given up? And it's not... So we have the questions, but we don't really have any evidence at all in terms of the defendant's state of mind or did the defendant engage in a knowing waiver? And I'm curious what we should make of the lack of evidence on that point. Does that mean the state should lose because they have a... It's always the state's burden to show the waiver was knowing and voluntary or does that mean because we're in habeas, the burden of proof flips? I'm curious just to get your thoughts on that. Do you see the point I'm trying to make? Yes, and the petitioner has the burden of proof and I think that in this case there is evidence that he affirmatively was waiving his right to counsel. This is, again, it's at the sentencing phase of the case. He had representation throughout the jury trial and he specifically retained counsel after he was convicted and the counsel, his attorney filed a written motion withdraw. Well, first of all, the attorney filed a notice of appearance that acknowledged, I know when the sentencing date is. Prior to the sentencing date, the attorney filed a written motion saying that Mr. Fields had directed him to withdraw and that Mr. Fields did not want him to represent him at the sentencing phase. I mean, I did think during the appellant's argument that they did sort of underplay the statements that were in that motion to withdraw. Mr. Fields also signed it. And then at the sentencing hearing, the attorney did show up. He was there and Mr. Fields said he did, again, in open court, he didn't want him, the attorney, to represent him and that he was well aware that the court was going to go forward with sentencing. But there was never a fact finding that there was an informed waiver. Am I wrong about that? That the state court said, well, we're going to proceed with sentencing today. You understand that, right? Correct. Right. So there was not... You know, like in a usual, like when you think of the waiving of all the constitutional rights, a plea, a hearing, at the end, the court usually says, I find the plea is knowing and voluntary. There's been no finding that this was an informed waiver, I suppose, anywhere in the state court record. Well, right. And the silence in the record can also be considered in evaluating the totality of the circumstances of when this occurred. And the fact that Mr. Fields is assertively asking to remove his counsel and there's a silence in the record where he's never asked to continue the sentencing date. He didn't say, I've retained another attorney or I want to retain another attorney. And there's no evidence... He didn't say, I'm indigent, I can't afford an attorney, but I want one appointed. So that silence can also be considered as part of the totality of the circumstances. I suppose he did say later when he said his counsel was ineffective that the reason why counsel was ineffective is I didn't know... I didn't know he may waive my attorney. And as rule 26, that's, I mean, I guess some evidence on the other side that he didn't know the consequences of the waiver. Well, I don't know what support he has for that, of how he didn't know. And one of the other things was that in regards to the prejudice issue, the state court had deferred sentencing to get a pre-sentence investigation. And in that pre-sentence investigation, part of the court's consideration of giving the sentence was his prior criminal record. So there is an inference that he has had some exposure to the criminal justice system before and may even know more than appears. When talking about that, I agree with you that it does strike me as somewhat speculative to think that if a new sentencing hearing was aired or took place that the actual length of the sentence would change. But what do you make of the fine? It suggests that... I think he was already preceding IFP and the fine can be waived for those who can't afford it. And that just wasn't aired. Do you think that that is some evidence of prejudice that if there was an attorney here, he at least wouldn't have received the fine? I mean, actual prejudice. If an attorney had been present, the attorney might have advocated at least don't give him this fine. I don't know. I mean, I think that's equally speculative. I don't know that he raised... Did he raise that in this brief? Well, I think that there are some requirements to show indigency. Was that done? Before the sentence? No, I mean, his counsel was retained and I don't know that he filed any motion ahead of time. I don't think the Ohio law requires him to, but I didn't see anything in the record showing indigency. Well, I mean, their brief says if Mr. Fields had had counsel, that counsel could have reminded the state trial court that it had already determined Mr. Fields to be in indigent circumstances. State court record appointing counsel. Well, that wouldn't have affected the other portions of the sentence. And so, in regards to the ineffective assistance of counsel of appellate counsel claim the underlying claim, the right to counsel claim lacked merit and Mr. Fields' appellate counsel was not, he didn't perform deficiently for failing to raise a meritless claim. And Mr. Fields was not actually prejudiced when his appellate counsel did not raise the claim. There were other considerations because there was no objection at trial, failure to comply with the contemporaneous objection rule would have made it... Edpa applies to this particular claim, yes? Yes. The claim was exhausted and the state appellate court's decision is not contrary or a unreasonable application of Strickland and the district court properly deferred to the decision and also denied the claim. Well, I think we understand your argument. Okay. Thank you. All right. I think I'm pronouncing it right, Ms. Bergeret? So on the 7500 fine point as a potential source of prejudice, doesn't Ohio law require you to file an affidavit and wasn't that requirement in place at the time he did have counsel? Regarding Mr. Fields' indigency? Yeah, exactly. So the record does reflect Mr. Fields' indigency, but of course he didn't have an opportunity to discuss that with an attorney who would have been I'm just trying to deal with whether there was prejudice here or not. And the point I'm getting at is I understand there to be a requirement that you have to file this affidavit at a certain point in order to claim indigency for purposes of the fine as opposed to IFP. At the time that requirement would have been in place, he did have counsel. Your Honor, I'm actually not 100% sure. Okay, well maybe I'm wrong about it. Yeah, of course. So because Mr. Fields was deprived of the right to counsel, there shouldn't necessarily need to be a prejudice showing here. And I just want to touch on a couple quick points. First, there's a distinction between waiver and withdrawal. And so the withdrawal of counsel does not constitute a waiver of the right to counsel. Ferretta requires the court to inquire about the waiver of counsel. Once that Ferretta requirement is met, if that happens, then the analysis switches to a defendant's state of mind type of analysis. But we didn't even get the actual basis required by Ferretta here. I was going to ask you that too. The way I think about it is the Constitution may require a certain colloquy that might be a claim. And if that colloquy isn't met, there's error. And the Constitution always requires the waiver of rights to be knowing and voluntary, which is subjective. And there is no finding of subjectiveness. But it seems to me that you're only raising the first type of claim that aside from whether he knew or not, the Constitution requires some type of at least cursory questioning to ensure that he knows the basis of what he was giving up. Yes, Your Honor. Ultimately, that is the issue. But it's kind of a semantic difference as well because even if that could be considered a waiver, it certainly wasn't enough to establish that there was any sort of knowing and intelligent waiver. But there was no waiver because the court didn't engage in the prerequisite legal requirement. For these reasons, this court should grant the writ and order a new sentencing. Or in the alternative, this court should grant the writ and order a new direct appeal. Thank you. Well done on the timing. That's always hard. You're already a pro. Thanks to both of you for your helpful briefs and arguments. And Ms. Bergeret, congratulations on a terrific, I assume, first argument in our court. And I guess your reward is to rush home and study for exams, which doesn't seem very kind. But in a couple weeks, you'll be able to celebrate. So well done and thanks so much. Clerk may adjourn court. Thank you. This honorable court stands adjourned.